UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL THOMPSON,<br><br>                         Petitioner,<br>   vs.<br><br>TIM VIRGA, and KAMALA HARRIS,<br><br>                         Respondents. | CASE NO. 11-cv-2818-NLS<br><br>**\*\*REDACTED\*\* ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(Dkt. No. 5) |

On December 2, 2011, Petitioner, Carl Thompson, filed a Petition for Writ of Habeas Corpus challenging his convictions for attempted murder of a peace officer, assault with a deadly weapon, and great bodily injury. (Dkt. No. 1.) Petitioner claims he was denied effective assistance of trial counsel during a pretrial mental competency hearing. (Dkt. No. 1 at 6.)

On December 19, 2011, Petitioner filed a "Declaration Under Penalty of Perjury in Support of Motion for Appointment of Counsel[.]" (Dkt. No. 5.) He asserts that he is a paranoid schizophrenic and "has trouble concentrating[,] communicating, remembering[,] and understanding[,] and as such is unable to rise to the level necessary to participate in this courts [sic] various requirement[s]." *Id.* at 1. By Order of this Court dated January 12, 2012, this Declaration was deemed a motion to appoint counsel. (Dkt. No. 10 at 1.) In that Order, Petitioner was instructed to file additional information to establish that he currently suffers from a mental illness, and that the mental illness prevented him from being able to understand and respond to Court orders. *Id.* at 3-4. The

Order also directed Respondents to conduct an independent investigation into Petitioner's competence, and to file a response containing the results of that investigation as well as legal argument. *Id.* at 4. This information was needed to assist the Court in determining whether a competency hearing was appropriate. *Id.* at 3.

On February 3, 2012, Respondents filed a response, which included Petitioner's medical records filed under seal. (Dkt. Nos. 11-13, 15.) Petitioner filed his information on March 16, 2012. (Dkt. No. 18.)

## I.  LEGAL STANDARD

The Ninth Circuit Court of Appeals has held that a district court must hold a competency hearing "when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). The Court in *Allen* did not specifically delineate what constituted "substantial evidence," however, it did offer some guidance. In *Allen*, the petitioner did not comply with a court order, and he submitted his own declaration and the declaration of another inmate explaining that he was mentally ill and did not understand the court's instructions. *Id.* at 1152. In addition, the petitioner included a letter from the prison psychiatrist setting forth his diagnosis of chronic undifferentiated schizophrenia and stating that petitioner was taking two psychotropic medications. *Id.* Those submissions established that "he suffer[ed] from a mental illness, the mental illness prevent[ed] him from being able to understand and respond to the court's order, and he was still suffering from the illness during the relevant time period," and the Ninth Circuit found that there was sufficient evidence for the district court to have appointed counsel for the petitioner to represent him at a competency hearing. *Id.*

In the Order of January 12, 2012, this Court sought to obtain more information in order to properly evaluate whether Petitioner has submitted "substantial evidence" of his incompetence. Both Petitioner and Respondents have responded to the Court's Order, and this question may now properly be addressed.

## II.  ANALYSIS

Petitioner attached a number of exhibits to his Petition documenting his mental health history. (Dkt. No. 1-1.) Petitioner's records reflect that between 1997 through to January 1999

two separate staff psychiatrists at Vacaville prison diagnosed him with "Psychotic disorder, N.O.S. [not otherwise specified]" in declarations they submitted in support of the prison's petition for involuntary medication of Petitioner. *Id.* at 9 and 15.[1] The exhibits also include two administrative judge orders, one in 1997 and one in 1998, granting the prison's petitions. *Id.* at 3 and 8. Petitioner also included various assessments contained in his County Mental Health Services file that describe Petitioner's condition as "Psychotic Disorder, Not Otherwise Specified," "Schizophrenia, Paranoid Type," or "Paranoid Schizophrenia." *Id.* at 22, 25, 27 and 28.

In further support of his motion for the appointment of counsel, Petitioner submitted documentation demonstrating that the State of California petitioned for, and received, permission to involuntarily medicate Petitioner in 2007. (Dkt. No. 18 at 7 and 14.) In 2008, that request was renewed. *Id.* at 32-34. These petitions were made on the grounds that Petitioner was "gravely disabled." *Id.* at 8 and 34. Petitioner also submitted mental health evaluations, progress notes, and other medical notes from the years 2004-2007. *Id.* at 15-31. These records indicate that, during that time, Petitioner had poor hygiene, a foul body odor, he refused eye contact, his affect was constricted/blunted, and his insight and judgment were impaired. *Id.* at 18. He did not properly care for his colostomy bag, and would empty it at inappropriate times and places. *Id.* at 11. Petitioner demonstrated an "inability to function" which placed him at a "significant risk of serious medical complications." *Id.* at 16. However, the most recent documentation submitted by Petitioner is from 2008; he did not submit any evidence regarding his current mental condition.[2] He also did not submit any declarations from other inmates or medical personnel attesting to his alleged incompetence.

In response, Respondents lodged Petitioner's prison medical records with the Court, and argues that Petitioner's current mental state does not warrant the appointment of counsel. (Dkt. No. 11 at 3.) After an independent review of the medical records, this Court agrees.

---

[1] Citations to page numbers in Petitioner's submissions reference those assigned by the ECF system.

[2] Petitioner indicated that he was having difficulty obtaining his medical records. (Dkt. No. 18 at 1.) These records were lodged with the Court by Respondents on February 3, 2012. (Dkt. No. 13.)

1  The *Allen* decision mandates that this Court must consider Petitioner's mental health at
2  "the relevant time period," which is during this ongoing habeas proceeding. 408 F.3d at 1152.
3  The most recent entry in Petitioner's medical records states that he was ███████████████
4  ████████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████████
6  ███████████████████████████ (Respondents' Supplemental Lodgment "RSL" at 1.) ██
7  ████████████████████████████████████████████████████████████████
8  ██████████████████████████████ *Id.* at 3. ████████████████████████████
9  ███████████████████████████████████████████████████████████ *Id.* at 5█
10 ████████████████████████████████████████████████████████████████
11 ████████████████ *Id.* ██████████████████████████████████████████
12 *Id.* at 199 and 201. ████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████████
14 ████████████████████████ *Id.* at 177.
15  Perhaps even more meaningful than Petitioner's medical records is the fact that, to date,
16 this Court has observed that Petitioner is effectively litigating this case without counsel. There is
17 no evidence that anyone else has prepared his submissions for him, and, to date, they have been
18 relatively clear and organized. Petitioner has complied with court orders (unlike the petitioner in
19 *Allen*) and has been an active participant in this proceeding. This Court has no doubt that
20 schizophrenia can be a debilitating mental illness; however, there is no indication that Petitioner's
21 current mental state prevents him from understanding or responding to court orders, or from
22 adequately representing himself.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1     **ACCORDINGLY,** the Court hereby **<u>DENIES</u>** Petitioner's motion to appoint counsel,
2 without prejudice, and **<u>ORDERS</u>** Petitioner to file a response to Respondents' motion to dismiss
3 (Dkt. No. 8) on or before **<u>May 2, 2012.</u>**
4     **IT IS SO ORDERED.**
5 DATED: April 4, 2012

*[Signature: Nita L. Stormes]*

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court