# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL THOMPSON,<br><br>                          Petitioner,<br>  vs.<br><br>TIM VIRGA, and KAMALA HARRIS,<br><br>                          Respondents. | CASE NO. 11cv2818-NLS<br><br>**\*REDACTED\* MEMORANDUM-DECISION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS**<br><br>(Dkt. No. 8.) |

Carl Thompson, a prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus on November 21, 2011. (Dkt. No. 1.) Currently pending before this Court is Respondents' motion to dismiss. (Dkt. No. 8.) For the reasons set forth below, Respondents' motion is **GRANTED**.

## I. FACTS

Respondents are moving to dismiss on the grounds that the petition is untimely. (Dkt. No. 8-1 at 7.[1]) Therefore, the underlying facts in this matter have little significance at this juncture. Briefly, Petitioner was charged and convicted of attempted murder with a police officer victim allegation, attempted murder of a public official, and assault with a deadly weapon. (Lodgment 1 at 130-133.) Petitioner claims he was denied effective assistance of trial counsel during a pretrial mental competency hearing. (Dkt. No. 1 at 6.)

---

[1] Citations to page numbers in the parties' submissions refer to those assigned by the ECF system.

**II.     PROCEDURAL HISTORY**

   **A.     Trial and Conviction**

On April 28, 2004, a jury convicted Petitioner of attempted murder with a police officer victim allegation (Cal. Pen. Code §§ 187(a) and 664), attempted murder of a public official (Cal. Pen. Code § 217.1(b)), and assault with a deadly weapon (Cal. Pen. Code § 245(a)(1)). (Lodgment 1 at 130-33.) The jury also found that Petitioner had a prior felony conviction within the meaning of Cal. Pen. Code §§ 667(a), 667(b) through (i), 668, and 1170.12. (Lodgment 1 at 134.) Petitioner was sentenced on May 26, 2004, and received thirty-nine years to life in prison. *Id.* at 135.

   **B.     Direct Appeal**

Petitioner subsequently filed an appeal of his conviction with the California Court of Appeal, which was received on October 4, 2004. (Lodgment 2.) The appeal stated several grounds for relief, but did not include the ineffective assistance of counsel claim asserted in the instant petition. *Id.* On March 10, 2005, the Court of Appeal affirmed in part and reversed in part the conviction.[2] (Lodgment 6.) Petitioner filed a petition for review with the California Supreme Court, which was received on April 13, 2005. (Lodgment 8.) The petition for review was denied on June 15, 2005, without prejudice to the claim Petitioner made pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004).[3]

---

[2] The Court of Appeal found that the conviction on count one (attempted murder) should be reversed because it is a lesser included offense of count two (attempted murder of a public official). (Lodgment 6 at 3.) The judgment was affirmed in all other respects. *Id.*

[3] At Petitioner's sentencing, the trial court judge imposed the upper term sentence for the conviction of assault with a deadly weapon, and did not specifically state his reasons for doing so. (Lodgment 20 at 227.) Petitioner argued in his brief to the Court of Appeal that this did not meet the constitutional requirements of sentencing under *Blakely v. Washington*, 542 U.S. 296 (2004) (holding that a trial court may only impose a sentence based upon facts admitted by a defendant or found by a jury). (Lodgment 2 at 50-51.) In deciding Petitioner's appeal, the Court of Appeal found that (1) defense counsel failed to object on this ground at sentencing and therefore forfeited the objection; (2) the trial court considered the probation report that stated Petitioner had engaged in violent conduct in the past, a fact reflected in the jury's finding on his prior conviction for attempted murder; (3) the trial court considered the fact that the offense was committed against a peace officer, a fact reflected in the jury's verdicts on counts one and two; and (4) even if it was error for the trial court to rely on this information, such error was harmless because the court would not have selected any other term besides the upper term. (Lodgment 6 at 32-33.) Petitioner renewed his argument in his petition for review to the California Supreme Court. (Lodgment 8 at 18-19.) In denying the petition for review, the California Supreme Court indicated the denial was without prejudice with respect to any relief Petitioner might be entitled to after the court decided the effect of *Blakely* on California law in *People v. Black*, 41 Cal.4th 799 (2007) and *People v. Towne*, 44 Cal.4th 63 (2008). (Lodgment 9.) There is no indication that Petitioner renewed his request for relief after decisions were issued in those two

(Lodgment 9.) Petitioner's conviction became final on September 13, 2005, which was the date his right to seek relief from the United States Supreme Court expired. *See Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir. 1999).

### C.  State Collateral Review

Prior to his conviction becoming final, Petitioner filed a petition for a writ of habeas corpus with the California Court of Appeal on October 11, 2004. (Lodgment 5.) He asserted that he was unable to participate in his defense at trial due to mental incapacitation. *Id.* at 9. This petition was denied on March 10, 2005. (Lodgment 7.) The Court of Appeal found that Petitioner failed to make a prima facie showing that he was not competent to stand trial. *Id.* Petitioner did not raise a claim of ineffective assistance of counsel in this 2004 petition.

Approximately four years later, on February 1, 2009, Petitioner filed another petition for a writ of habeas corpus with the Court of Appeal, again alleging that he was mentally incapacitated during his trial. (Lodgment 10.) He also alleged that he received ineffective assistance of counsel at his competency hearing. *Id.* This petition was cancelled by the Court of Appeal and sent to the Superior Court in San Diego, where it was accepted and assigned case number HC19552. (Lodgments 11 and 12.) Petitioner filed an addendum to this petition on February 18, 2009. (Lodgment 13.) This petition was denied on April 17, 2009.[4] (Lodgment 15 at 2.)

Petitioner filed a second habeas petition in the Superior Court in San Diego, under the same case number, on January 26, 2011. (Lodgment 14.) He again claimed ineffective assistance of counsel at his mental competency hearing at trial. *Id.* at 3. This second petition was denied on March 11, 2011. (Lodgment 15.) The Court noted that it had previously rejected his claims, and relied on *In re Clark*, 5 Cal.4th 750, 767, 797 (1993) for the proposition that it would not consider repeated applications for previously rejected claims. *Id.* at 2. The Court also stated that Petitioner failed to "state a prima facie statement of facts which would entitle him to habeas corpus relief," and that there was no evidence to support his contention that his counsel's performance was deficient. *Id.* at 3.

---

actions.

[4]The denial of this petition is not included in the record. However, the denial is noted in Lodgment 15, which is the decision issued by the Superior Court in Petitioner's subsequent state habeas petition in that court.

On March 31, 2011, Petitioner filed a petition for a writ of habeas corpus with the California Court of Appeal, asserting ineffective assistance of trial counsel at his competency hearing. (Lodgment 16 at 3.) That court found the petition procedurally barred as successive and untimely. (Lodgment 17 at 2.) The court also noted that, even if the merits were evaluated, Petitioner did not establish that he was entitled to habeas relief. *Id.*

On June 3, 2011, Petitioner filed a petition for a writ of habeas corpus with the California Supreme Court, again claiming ineffective assistance of trial counsel at his competency hearing. (Lodgment 18.) This petition was denied on October 26, 2011. (Lodgment 19.[5]) In denying the petition, the California Supreme Court cited *In re Robbins*, 18 Cal.4th 770, 780 (1998), a citation that indicates the court found the petition untimely. *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

### D.     The Instant Action

Petitioner filed the instant petition on November 21, 2011. (Dkt. No. 1.) Shortly thereafter, he filed a "Declaration in Support of Motion for Appointment of Counsel and Extension of Time." (Dkt. No. 5.) In its Order of January 12, 2012, this Court construed this Declaration as a motion to appoint counsel. (Dkt. No. 10.) In that Order, this Court requested additional information from the Petitioner to support his assertion that he required counsel because he was mentally incompetent. *Id.* at 3-4. The Order also directed Respondents to file a response to the additional information, and to include the results of an independent investigation into Petitioner's competence. *Id.* at 4. On the same day this Court issued the Order, Respondents filed the pending motion to dismiss, arguing that the petition is untimely. (Dkt. No. 8.)

On February 3, 2012, Respondents filed the results of their investigation, and lodged Petitioner's prison medical records with the Court. (Dkt. Nos. 11, 13.) Petitioner filed his additional information on March 10, 2012. (Dkt. No. 18.) Based upon the parties' submissions, this Court concluded that Petitioner was capable of representing himself in this proceeding, and denied the motion to appoint counsel. (Dkt. Nos. 20 and 21.) In that decision, Petitioner was directed to respond

---

[5]Lodgment 19 is a printout of the California Supreme Court docket sheet for Petitioner's petition. It is appropriate to take judicial notice of the docket sheet of a California court. *White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010).

- 4 -                                                                                                                              11cv2818-NLS

to Respondents' motion to dismiss. *Id.* at 5.

Petitioner filed a response on April 16, 2012, essentially arguing that he is entitled to equitable tolling of the statute of limitations because he was mentally incompetent during the time period in question. (Dkt. No. 22.) He also states that he was in the process of obtaining records from the Social Security Administration to establish his diagnosis as a paranoid schizophrenic. *Id.* at 2.

In light of Petitioner's response, and his medical records filed with the Court subsequent to the filing of Respondents' motion to dismiss, this Court directed Respondents to file a reply. (Dkt. No. 23.) A reply was filed on May 9, 2012. (Dkt. No. 24.)

This matter is before this Court pursuant to the consent of the parties. (Dkt. Nos. 1, 7, and 19.)

### III.   AEDPA STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Petition. *See Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997). AEDPA imposes a one-year period of limitation on petitioners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d). The relevant section reads:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
> 
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As noted above, Petitioner's conviction became final on September 13, 2005. Under the basic framework of the AEDPA, the time for filing a federal habeas petition expired on September 13, 2006. Petitioner filed the instant petition on November 21, 2011, and, at first glance, is well outside the AEDPA statute of limitations. He has not asserted in his petition, or in his response to the pending motion, that there was a State created impediment to his filing that has been removed. He is also not

asserting a newly recognized Constitutional right, or the emergence of new facts relating to his claim. Therefore, with respect to 28 U.S.C. § 2244(d)(1), the instant petition is untimely.

Under AEDPA, a petitioner's statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. 28 U.S.C. § 2244(d)(2). Petitioner first claimed ineffective assistance of counsel in his habeas petition dated February 1, 2009. Once the statute of limitations under AEDPA has expired, it cannot be revived by collateral proceedings. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, Petitioner is not entitled to the benefit of statutory tolling.

The one-year limitations period under AEDPA is also subject to equitable tolling. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2554 (2010). Petitioner bears the burden to prove that equitable tolling is appropriate, and must establish that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way of timely filing a petition. *Id.* at 2542*; Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). The determination of whether a petitioner is entitled to equitable tolling is "highly fact-dependent." *Id.*, *citing Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). Further, equitable tolling "is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

**IV.   ANALYSIS**

**A.   Equitable Tolling for Mental Incompetence**

Petitioner argues that he should be excused for his late filing because "during the relevant time period [he] was suffering from a mental disorder" and "[i]t is only after several years of continuing medication treatment that [he] has come to the understanding of the significance of filing his appellate issues." (Dkt. No. 22 at 1.)

A "habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control." *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998), *rev'd on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003). As a result, mental incompetency justifies equitable tolling. *Calderon*, 163 F.3d at 541. However, the existence of a mental illness does not necessarily warrant equitable tolling; a petitioner

must establish a causal connection between his mental illness and his failure to timely file a habeas petition. *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003).

Before the Court is an extensive record of Petitioner's medical history, submitted by both Petitioner and Respondents, beginning in 1990 and continuing up to January 2012. (Lodgment 21, Dkt. Nos. 1, 13, 18, and 22.) In light of the substantial record before this Court, this issue may be addressed without an evidentiary hearing or further development of a factual record. *See Roberts v. Marshall,* 627 F.3d 768, 773 (9th Cir. 2010) (holding that when there is a sufficient record, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence).

### 1. Standard

In *Bills v. Clark,* 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit specifically delineated what a petitioner must demonstrate in order to obtain equitable tolling on the grounds of mental incompetence:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, *see Holland,* 130 S.Ct. at 2562, by demonstrating the impairment was so severe that either
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. *See id.*

*Bills,* 628 F.3d at 1099-1100 (footnote omitted).

With respect to the first element of the analysis, the Court reiterated that "the 'extraordinary circumstance' of mental impairment can cause an untimely habeas petition at different stages in the process of filing by preventing petitioner from understanding the need to file, effectuating a filing on his own, or finding and utilizing assistance to file." *Bills*, 628 F.3d at 1100. The Court noted "if the mental impairment is so severe that it causes the untimely filing, the petitioner is entitled to equitable tolling. *Id.* at n. 2.

The second element of the *Bills* analysis looks to the "totality of the circumstances," which considers "whether the petitioner's impairment was a but-for cause of any delay." *Id.* at 1100. A

1  petitioner must always remain "accountable for diligence in pursuing his or her rights." Id.

2  **2.    Application**

3  Petitioner's conviction became final on September 13, 2005.  The one-year statute of
4  limitations under AEDPA then began to run, and expired on September 13, 2006. Petitioner filed his
5  federal petition on November 21, 2011. (Dkt. No. 1.)  Therefore, he must establish that he is entitled
6  to equitable tolling that commenced prior to September 13, 2006, and continued up until November
7  21, 2011.

8  It is undisputed that Petitioner suffers from a mental illness, and that he suffered from a mental
9  illness before, during, and after the AEDPA limitations period.  However, the question that is before
10  this Court is not whether Petitioner had a mental illness during the relevant time period; the question
11  is whether that mental illness was the cause of Petitioner's substantial delay in filing for federal habeas
12  relief.  This question must be answered in the negative.

13  **a.    "Extraordinary Circumstance"**

14  It is well-settled that a petitioner seeking the benefit of equitable tolling has the burden of
15  demonstrating he is entitled to receive it. *Pace,* 544 U.S. at 418. Under the first *Bills* prong, Petitioner
16  must have been unable to understand the need to timely file, or unable to personally prepare and file
17  a petition. 628 F.3d at 1099-1100. Petitioner's medical records during the running of the standard
18  limitations period (September 13, 2005 - September 13, 2006) are not entirely clear as to the severity
19  of his mental condition. Petitioner was clearly undergoing treatment, and was prescribed medication,
20  although it appears that he refused to take his medications on several occasions. *See generally*,
21  Lodgment 21, vol. 1 and vol. 2. Whether this refusal was deliberate, or a result of his mental illness,
22  is unknown.  A progress note from May 25, 2005, states that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (Lodgment 21 at 769.) The
24  medical records contain ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25  ▓▓▓▓▓▓▓▓. *Id.* at 569.  A progress note from October 28, 2005, states that ▓▓▓▓▓
26  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Id.* at 765. His
27  medical records from 2006 indicate ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
28  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at 581-594; 754-758. A notation in his record states ▓▓▓

1 ███████████████████████████████████████████████████████████████████████████████.

2 *Id.* at 753.  It is not readily apparent from the record before this Court that Petitioner suffered from a mental impairment so severe that it would trigger equitable tolling during the standard one-year statute of limitations, and it is very questionable whether Petitioner has met his burden.

Even if this Court were to conclude that his mental impairment from September 13, 2005 to September 13, 2006 justified equitable tolling, Petitioner still cannot satisfy the first *Bills* prong. There is no doubt his condition appears to have hit a low point in 2007, ████████████████ ██████████████████████████████████████████████████████████████.  *Id.* at 239.  The staff psychiatrist submitted a declaration in support of the petition, █████████████████ ████████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████ *Id.* at 247.  It is entirely plausible that at that point, Petitioner did not have the presence of mind to understand the need to timely file or the ability to prepare a petition for habeas relief.

However, the record is unequivocally clear that Petitioner had the ability to understand the need to seek habeas relief by February 1, 2009, because he filed a state habeas petition on that date. (Lodgment 10.)  He also had the ability to further effectuate state habeas filings on February 18, 2009, January 26, 2011, March 31, 2011, and June 3, 2011.  (Lodgments 13, 14, 16, and 18.)  Regardless of whether Petitioner suffered a mental impairment significant enough to warrant equitable tolling during the one-year statute of limitations, it is unquestionable that his conduct in 2009 and later precludes a finding that he is entitled to the benefit of equitable tolling all the way until November 21, 2011.  Petitioner's ability to seek relief from the state courts clearly evinces an ability to seek federal relief.  *See Gaston v. Palmer,* 417 F.3d 1030, 1035 (9th Cir. 2005) (affirming district court's conclusion that a petitioner was capable of preparing and filing petitions for federal habeas relief when he was able to prepare and file state habeas petitions during the same time period).

Additionally, Petitioner's medical records indicate substantial improvement.  An entry dated January 9, 2008, states that ████████████████████████████████████████████████████████. (Lodgment 21 at 613.)  On March 17, 2008, he was ██████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████

1 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* at 611. On June 4,
2 2008, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* at 608. He also discussed ▇▇▇▇▇▇
3 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* On
4 August 25, 2008, Petitioner ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
5 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* at 605. On November 12, 2008, he stated he was ▇▇▇
6 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
7 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* at 601.
8      In 2009, Petitioner continued to function well. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
9 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
10 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* at 177. A record from April 6, 2010, indicates he
11 was ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* at 170.
12 On May 7, 2010, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
13 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* at 168. A progress note from June 2,
14 2011, states that Petitioner ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.*
15 at 201. In August 2011 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.*
16 at 5. His thoughts were ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.*

17      Due to the uncertainty of Petitioner's mental condition during the running of the statute of
18 limitations, the clear improvement in his condition beginning in early 2008, and his ability to
19 commence filing for state habeas relief in 2009, Petitioner is unable to satisfy the first *Bills* prong, and
20 thus cannot establish entitlement to equitable tolling for the entire period in question.

21           **b.      "Diligence"**

22      Even if Petitioner could satisfy the first *Bills* prong, his claim for equitable tolling fails the
23 second element of the analysis - the requirement of diligence. 628 F.3d at 1100.

24      The record before this Court suggests that, during the time for which equitable tolling is
25 sought, Petitioner was able to appreciate the need to seek habeas relief. As previously discussed,
26 Petitioner filed a state habeas petition on February 1, 2009, and supplemented it on February 18, 2009.
27 (Lodgments 10 and 13.) This state petition was denied on April 17, 2009. (Lodgment 15 at 2.)
28 Petitioner then did nothing until January 26, 2011, when he filed another petition for state habeas

1  relief. (Lodgment 14.)

2  The delay in between the filing of the 2009 and 2011 state habeas petitions precludes a finding that Petitioner was diligent in his efforts to pursue the claims "to the extent he could understand them." *Bills,* 628 F.3d at 1100. This gap in time indicates that Petitioner's mental impairment was not the "but-for cause" of any delay. *Id.* at 1100; *see also Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir. 2000) ("If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstance began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.")

Petitioner is unable to satisfy either prong of the *Bills* test, and is therefore not entitled to equitable tolling based upon mental impairment.[6]

### B. Equitable Tolling Due to Delay in Receiving Records

Petitioner also states that his petition was untimely because he was "in the process of acquiring additional records from the Social Security Administration." (Dkt. No. 22 at 2.) He had been advised by a "jailhouse lawyer" that the documentation would "make a prima-facie showing of incompetence prior to trial." *Id.* It appears Petitioner is arguing he should be granted equitable tolling because of a delay in receiving these records.

As outlined earlier, Petitioner bears the burden to prove that equitable tolling is appropriate, and must establish that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way of timely filing a petition. *Holland*, 130 S. Ct. at 2554.

As an initial matter, Petitioner's response does not indicate when he requested the records or how long his request was pending. It is also doubtful that the records would have the desired effect of establishing incompetence at trial in 2004, when the records only reflect that Petitioner received disability benefits from 1998 until 2003. In any event, Petitioner received these records in a letter dated September 17, 2010, and did not file for federal habeas relief until November 21, 2011. (Dkt.

---

[6] It is unclear whether Petitioner is also arguing that he is entitled to equitable tolling because he was placed in "psychiatric services" and had no access to his property. (Dkt. No. 22 at 1.) This Court need not separately entertain the question of whether this placement constitutes extraordinary circumstances sufficient to warrant equitable tolling because, as of February 2009, Petitioner clearly had access to all he needed in order to file for habeas relief.

Nos. 1; 22 at 34.) As a result, he cannot establish that he was pursuing his rights diligently. Additionally, his decision to rely on the advice of a "jailhouse lawyer," is not an extraordinary circumstance that warrants equitable tolling. *See Diaz v. Knowles,* 2009 WL 728567 (E.D. Ca. Mar. 19, 2009) (no equitable tolling for poor advice given by jailhouse lawyer); *United States v. Cicero*, 214 F.3d 199, 204-05 (D.C. Cir. 2000) (no equitable tolling for jailhouse lawyer non-performance).

## V. CONCLUSION

Petitioner is unable to demonstrate that he is entitled to equitable tolling of the AEDPA one-year statute of limitations.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Respondents' motion to dismiss is hereby **GRANTED** and the petition is **DISMISSED**.

**IT IS SO ORDERED.**

DATED:  May 29, 2012

*[signature]*

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court